# THE ATTORNEY GENERAL
# OF TEXAS
ATTORNEY GENERAL


October 21, 1969

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas   78711

Opinion No. M- 499

Re:   Whether the Texas Education
Agency has authority to im-
plement in the 1969-1970
year the additional costs
authorized in House Bill
434, Acts 61st Legislature,
R.S. 1969, and whether the
State Comptroller may issue
state warrants requisitioned
by the Agency pursuant to
such implementation.

Dear Dr. Edgar:

        Your recent letter requesting our opinion reads, in
part, as follows:

        "House Bill 434 (Chapter 613, Acts 61st
Leg., R.S., 1969), in Section 1, amends Section
6 of Article 3222b to allow for certain in-
creases in allocations, professional units and
initial allotments in the determination of costs
for the operation of county-wide day schools
created under the law; and in Section 2, amends
Article 3222b-1, to authorize the expansion of
the county-wide day school program to include
counties contiguous to a bi-county day school
program operation, referred to now as multi-
county day schools.

        "A net result of these 1969 amendments is
to increase the cost as well as the benefits of
the county-wide day school programs.  Section 5
of Article 3222b requires that the total cost
of operating such county-wide day schools shall
be borne entirely by the State and shall be paid
from the Foundation School Fund; that such costs
shall be considered and included by the Founda-
tion School Fund Budget Committee in estimating

- 2387 -

the funds needed for purposes of the Foundation School Program and such county-wide day school program; and further, that no part of the operating costs for county-wide day schools shall be charged to any of the school districts of the State.

"Estimates of the costs of operating the county-wide day school program as amended by House Bill 434, supra, for the 1969-71 biennium were submitted to the Legislature for its biennial appropriation action and State Comptroller appropriation bill certification purposes. Section 3 of House Bill 434 specifies that the amendatory Act shall become effective for the 1969-70 school year and thereafter. The bill was signed by the Governor on June 11, 1969. The certification (June 10, 1969) of the State Comptroller is to the effect, we believe, that the amounts appropriated as set out in the appropriation bill to support House Bill 434 are within the amounts estimated to be available in the affected fund (Foundation School Fund).

"In both the 60-day appropriation bill of the First Called Session (Article IV at page IV-6) and the biennium appropriation bill of the Second Called Session (Article IV at pages IV-6-7), the Legislature, in the first two paragraphs, appropriates for the biennium to pay the State's part out of the Foundation School Program for the operation of county-wide day schools, and as amended by House Bill 434.

"However, the next or third paragraph in both appropriation bills reads in part, as follows:

"Notwithstanding any language to the contrary in the immediate above two paragraph appropriations or any provisions appearing in the enactments of the 61st Legislature, Regular Session, listed in this paragraph, it is hereby specifically provided that the appropriations therein above for the implementation of new programs to be initiated thereunder or in support of programs enlarged or improved by the amendatory Acts of the 61st Legislature, Regular Session, in following enactments:

. . ., House Bill 434, . . . are hereby made for the second year of the biennium, 1970-71 only.

"· · ·

"I would appreciate being advised by your office of the authority, if any, of this Agency to proceed to implement in the current 1969-70 year the additional costs authorized in House Bill 434, and the authority of the State Comptroller to issue state warrants requisitioned by this Agency pursuant thereto."

Section 6 of Article VIII of the Texas Constitution provides in part that "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law. . . ."

The language quoted in your letter of request from House Bill No. 1, Acts 61st Legislature, 1969, First Called Session, and House Bill No. 2, Acts 61st Legislature, 1969, Second Called Session, is clear and unambiguous. It imposes a specific limitation upon the implementation of certain enactments of the 61st Legislature, including House Bill No. 434, during the fiscal year of 1969-1970, and appropriates money to be used for such purposes for the fiscal year 1970-1971 only.

You are hereby advised that it is the opinion of this office that no money has been appropriated for the fiscal year 1969-1970 to implement the provisions of House Bill No. 434, Acts 61st Legislature, 1969, Regular Session, Chapter 613, page 1822; therefore, Section 6 of Article VIII of the Texas Constitution prohibits the Comptroller of Public Accounts from issuing warrants for such purposes.

### S U M M A R Y

Money appropriated by H.B. No. 1, Acts 61st Leg., 1969, 1st C.S., and H.B. No. 2, Acts 61st Leg., 1969, 2nd C.S., for implementing H.B. No. 434, Acts 61st Leg., 1969, R.S., Ch. 613, p. 1822, is limited to fiscal 1970-1971 and no money may be withdrawn from the Treasury for such purposes during fiscal 1969-1970.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
James Quick
Alan Minter
Terry Reed Goodman
Ivan Williams

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant